UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:12cr262-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | AMENDED |
| | ) | PRELIMINARY ORDER |
| v. | ) | OF FORFEITURE |
| | ) | |
| (1) CASEY JUSTIN CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have stipulated and consented to forfeiture, and the Court finds, as follows:

1. In the Bill of Indictment in this case, the United States sought forfeiture of criminal proceeds and property that was used or intended to be used to facilitate the crimes charged, which would be subject to forfeiture under 8 U.S.C. § 924, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b), as well as substitute property.

2. Defendant entered into a plea agreement; subsequently pled guilty to Counts One and Two in the Bill of Indictment; and was adjudged guilty of the offenses charged in those counts. In the plea agreement, Defendant has agreed to forfeit specific property and to a forfeiture money judgment as provided by law.

3. On May 3, 2013, the government filed a motion for a preliminary order of forfeiture as to specific property consisting of fifteen firearms and for a money judgment of $8,800.00, representing criminal proceeds in the form of cash payments made to the Defendant in connection with his illegal activity. On November 1, the Court entered an order granting that motion. Shortly afterward, the government filed a motion for an amended preliminary order based on the agreement of the parties.

4. Based upon Defendant's plea of guilty and the evidence in the record, fourteen of the firearms listed in the government's motion are "other property" of the defendant and subject to forfeiture as substitute property for criminal proceeds under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c). These firearms therefore represent a portion of the requested money judgment, and defendant should receive credit for their value against the amount of that judgment. The fifteenth firearm, a Mossberg 500A rifle, serial number B5743, is owned by the defendant's father and is not subject to forfeiture herein.

1

5. The parties agree that $6,000 is a reasonable estimate of the fair market value of the forfeited firearms and that defendant should therefore receive a credit for this amount, leaving the $2,800 as the correct amount for the remaining money judgment herein.

It is therefore ORDERED:

1. The Defendant shall pay a forfeiture money judgment in the amount of $2,800, representing cash payments received as criminal proceeds.

2. The United States is authorized to seize the following property belonging to Defendant, and it is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**One Sig Sauer Saver P238 pistol serial number 27A118782 with magazine and ammunition;**

**One GSG-5, .22 caliber rifle, serial number A309062 and ammunition;**

**One North American Arms, .22 caliber handgun, serial number L090088 and ammunition;**

**One Mossberg 702 Plinkster rifle, serial number EEK216804 and ammunition;**

**One Remington LR 512 .22 caliber rifle serial number PUU11 and ammunition;**

**One Taurus, model B3, .22 caliber rifle, serial number XH4464 and ammunition**

**One Windstar 270 rifle and ammunition;**

**One Walther P22, .22 caliber pistol, serial number L073599 and ammunition;**

**One Glock 27 pistol, serial number KKM768 with magazine and ammunition;**

**One Remington 770 rifle, serial number G6821924 and ammunition;**

**One Panther Arms 223 A-15 semi-automatic rifle, serial number FH49577 and ammunition;**

**One Intratec, model Tec 9 AB-10, 9mm pistol, serial number A058935 and ammunition;**

**One Mauser Argentino 1891 rifle, serial number E5803 and ammunition; and**

**One AK-47 WAS R-10 rifle, serial number 1-22482-2009 and ammunition.**

3. The following firearm is not subject to forfeiture herein and shall be returned to defendant's father, Joseph Robert Crawford:

**One Mossburg 500A rifle, serial number B5743 and ammunition.**

4. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the forfeited property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: November 7, 2013

Robert J. Conrad, Jr.
United States District Judge